

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIMBERLY WILLIAMS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-722-C |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. Nature of the Case

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. Parties

Petitioner Kimberly Williams, Reg. No. 50768-037, is a federal prisoner confined in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent Jody R. Upton is Warden of FMC-Carswell.

## C. Procedural History

Petitioner is serving a 90-month term of imprisonment on her conviction for bank fraud in the United States District Court for the Norther District of Georgia, Atlanta Division. (Resp't App. at 18-19) The sentence was imposed on May 25, 2010. (*Id.*) Petitioner did not pursue a direct appeal but sought postconviction relief in the convicting court *via* a motion to reduce her 90-month sentence and a motion to compel the Bureau of Prisons (BOP) to give her credit for time served, to no avail. (*Id.* at 26-30) Petitioner's projected release date with good conduct time credit is June 25, 2016. (*Id.* at 24)

To establish the factual background of the case, the government provided the declaration of Andrew Roush, a Correctional Programs Specialist at the Designation and Sentence Computation Center of the BOP, providing:

> . . .
>
> 2. In this position, I have access to inmates' records, Judgment and Commitment Orders, sentence computation letters, electronic data maintained on BOP's SENTRY computer system and BOP Program Statements.
>
> 3. My responsibilities include providing litigation assistance to the U.S. Attorney's Office when federal inmates challenge their sentence computations. This responsibility includes reviewing the accuracy of challenged sentence computations.
>
> 4. On October 29, 2013, I reviewed the sentence computation for the Petitioner, Kimberly Williams, Federal Register Number 50768-037. The review revealed that Petitioner is not entitled to additional prior custody credit toward her federal sentence. She has properly been awarded prior custody credit from August 13, 2008, to September 23, 2008, and from October 21, 2009, through May 24, 2010.
>
> 5. It is my understanding that Petitioner alleges she is entitled to additional prior custody credit toward his federal term following her August 13, 2008, self surrender to Henry County Sheriff's Office in McDonough, Georgia.

6. On August 13, 2008, Petitioner was arrested by Henry County, Georgia authorities and charged with Deposit Account Fraud in the Superior Court of Henry County, Georgia, Case Number 2008SUCR106-W.

7. On October 13, 2008, in Case Number 2008SUCR106-W, Petitioner pleaded guilty and was sentenced to a 3 year term of Probation.

8. On October 14, 2008, Petitioner was transferred to a Clayton County Georgia detainer to answer for Deposit Account Fraud and Theft by Conversion charges in Case Number 2008CR2056-08.

9. On November 7, 2008, in the Superior Court of Clayton County, Georgia, Case Number 2008CR2056-08, Petitioner was sentenced to [a] 3 year term of Probation for Deposit Account Fraud and a 10 year term of Probation for Theft by Conversion. Thereafter, she released to the community.

10. On November 19, 2008, Petitioner was arrested by Forsyth County, Georgia local authorities for violating the conditions of her probation imposed by Superior Court of Forsyth County, Georgia after a Forgery in the first degree conviction in Case Number 05CR0121.

11. On January 9, 2009, Petitioner was sentenced to a 3 year term in Case Number 05CR0121, with the balance of the sentence probated with credit for time served since May 19, 2006.

12. On March 11, 2009, Petitioner was sentenced to a 2 year term in Case Number 2008CR2056-08, and awarded credit for all time in custody from September 24, 2008, until March 11, 2009.

13. On July 8, 2009, Petitioner paroled from the Georgia Department of Corrections Arrendale State Prison in Alto, Georgia. She provided a fictitious address at the time of her release.

14. On August 25, 2009, Petitioner was indicted in the United States Court for the Northern District of Georgia and charged with 28 counts of Bank Fraud in violation of 18 U.S. C. § 1344(1) and (2).

15. On October 21, 2009, Petitioner was arrested in the District of Maryland by the United States Marshal Service ("USMS").

16. On May 25, 2010, the United States District Court for the Northern District of Georgia sentenced Petitioner to a 90 month term of imprisonment in Case

        Number 1:09-CR-378-WBH for a violation of 18 U.S.C. § 1344, Bank Fraud, with "credit for time served."

17. BOP has prepared Petitioner's sentence computation based on a 90 month term of imprisonment, commencing on May 25, 2010, the date of imposition, and awarded 258 days of prior custody credit spanning August 13, 2008, through September 23, 2008, as the time was not credited toward a Georgia term, and October 21, 2009, the date of her USMS arrest, through May 24, 2010, the day before commencement of her sentence. Petitioner's projected Good Conduct Time release date is June 25, 2016.

18. On October 5, 2012, Petitioner filed Administrative Remedy Number 707687-F1 at the Federal Medical Center, Carswell ("FMC Carswell") requesting jail credit. On October 15, 2012, she withdrew the remedy.

19. On August 15, 2013, Petitioner filed Administrative Remedy Number 746509-F1 at FMC Carswell requesting prior custody credit and a sentence recalculation. On August 28, 2013, the institution denied the request. On September 16, 2013, Petitioner appealed the institution denial to the BOP South Central Regional Office, and on September 16, 2013, the remedy was accepted and a response is pending.

. . .

(Resp't App. at 1-4)

### D. Issues

Petitioner raises four grounds for habeas relief:

(1) Her prosecution and conviction were illegal and the statute of limitations had expired;

(2) The BOP failed to award prior custody credit from the time of her self-surrender on August 13, 2008;

(3) The convicting court sentenced her under an offense level that was "predicated on a loss of six million dollars after the bank clarified there had been an error"; and

(4) The government's "wrongful calculation of [her] criminal history score placed her in category VI when this offense was her only conviction."

(Pet. at 5-6)

Respondent asserts petitioner's second ground should be dismissed based on petitioner's failure to exhaust her administrative remedies, or, in the alternative, denied on the merits. Respondent asserts the remaining claims are not challenges to the manner in which petitioner's sentence is being executed for purposes of § 2241, but rather attacks on her conviction and sentence subject to the provisions of 28 U.S.C. § 2255 and, thus, should be dismissed for lack of jurisdiction.

### E. Exhaustion

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

According to the declaration of Andrew Roush and petitioner's affidavit, she has, at least in part, sought an administrative remedy in the BOP administrative remedy system, to no avail. (Resp't App. at 4; Pet'r Reply Attach., "Affidavit of Kimberly Williams" at 3) Nevertheless, a court may deny a petitioner's claim notwithstanding his or her failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(2).

## F. Prior Custody Credit

When assessing federal sentence calculations, there are two related yet distinct issues: (1) when service of the sentence commenced, and (2) the extent to which the defendant should be awarded credit for time spent in custody prior to commencing his or her sentence. 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> <u>*that has not been credited against another sentence.*</u>

18 U.S.C. § 3585 (emphasis added).

The record reflects petitioner has been awarded prior custody credit toward her federal sentence for 258 days "spanning August 13, 2008, through September 23, 2008, as the time was not credited toward a Georgia term, and October 21, 2009, the date of her USMS arrest, through May 24, 2010, the day before commencement of her sentence." (Resp't App. at 3) Section 3585(b) dictates that petitioner is not entitled to additional prior custody credit because the time at issue was credited to her state sentences. *United States v. Wilson*, 503 U.S. 329, 334, 337 (1992); *Leal v.*

*Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). The Supreme Court has explained that when Congress enacted the statute it "made clear that a defendant could not receive a double credit for his detention time." *Wilson,* 503 U.S. at 337. In accordance with the statute, BOP Program Statement 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Consequently, petitioner is not entitled to credit against her 90-month federal sentence for any time credited to her state sentences.

Further, to the extent petitioner claims her federal sentence was to run concurrently with her state sentences, the claim also fails. (Pet'r Reply Attach., "Time Line") 18 U.S.C. § 3584(a), provides:

> (a) **Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. <u>*Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*</u>

18 U.S.C. § 3584(a) (emphasis added).

The federal criminal judgment is silent as to whether petitioner's 90-month federal sentence was to run concurrently with or consecutively to any state sentence to which she might be subject. Such silence invokes the presumption that the federal sentence would be consecutive to any term of imprisonment imposed at a different time. *See* 18 U.S.C. § 3584(a); *United States v. Hernandez,* 234 F.3d 252, 256-57 (5th Cir. 2000). Thus, when a federal judgment is silent with respect to whether

7

sentences are to run concurrently or consecutively, the presumption is that they will run consecutively, unless the district court specifically orders that they run concurrently. *Jones v. Joslin*, 635 F.3d 673, 674 (5th Cir. 2011); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). Neither this court nor the BOP are bound by a state court's order to the contrary.

### G.  § 2255's Savings Clause

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his or her conviction or sentence only if he or she can satisfy the mandates of the so-called § 2255 "savings clause." 28 U.S.C. § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To do so, the petitioner must establish that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his or her claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904.

Under petitioner's first, third and fourth claims, she challenges the legality of her conviction and sentence, however she has wholly failed to satisfy the three requirements. Thus, the petition should be dismissed as to grounds one, three and four for lack of jurisdiction.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that the petition for writ of habeas corpus as to ground two be DENIED and as to grounds one, three and four DISMISSED for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February _11_, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February **11**, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January **21**, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE